**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JOSE LUIS CASTRO MENDOZA, | ) | |
| | ) | |
| *Petitioner,* | ) | |
| | ) | |
| v. | ) | 1:25-cv-1724 (PTG/IDD) |
| | ) | |
| PAUL PERRY, *et al.* | ) | |
| | ) | |
| *Respondents.* | ) | |
| | ) | |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Jose Luis Castro Mendoza's ("Mr. Mendoza") Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen from Nicaragua, who entered the United States on or about December 8, 2021, after allegedly fleeing Nicaragua with the intention of seeking asylum. *Id.* ¶¶ 23, 46-49. The Department of Homeland Security ("DHS") released Petitioner on his own recognizance and subsequently initiated removal proceedings under 8 U.S.C. § 1229a. *Id.* ¶¶ 50-51. On July 1, 2025, an immigration judge ("IJ") dismissed Petitioner's asylum case, which is currently pending appeal before the Board of Immigration Appeals ("BIA"). *Id.* ¶¶ 55, 57. According to the Petition, following the hearing before the IJ, Immigration and Customs Enforcement ("ICE") agents arrested Petitioner. *Id.* ¶ 56. At the time of filing the Petition, Mr. Mendoza was allegedly under ICE custody at the Caroline Detention Facility in Bowling Green, Virginia, which is within this Court's jurisdiction. *Id.* ¶ 12.

Petitioner now brings suit against Paul Perry, Warden of the Caroline Detention Facility, and others, alleging that his continued detention without bond violates his constitutional rights. *Id.* ¶¶ 60-90. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. §

1

1225(b)(2)(A) and does not violate due process. Dkt. 5 at 5. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 5), and Petitioner's Reply (Dkt. 6), the Court concludes that Petitioner is entitled to a bond hearing. Therefore, the Petition is **GRANTED**.

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by § 1226(a). The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *9-19 (E.D. Va. Sept. 19, 2025); *see* Dkt. 5 at 7. As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g.*, *Hasan*, 2025 WL 2682255, at *6-9; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner alleges, and Respondents do not dispute, that he has continuously resided in the United States for four years since his entry into the country in 2021.[1] Dkt. 1 ¶ 49. Therefore,

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that Petitioner has never been arrested or charged with any criminal offense. Dkt. 1 ¶ 58.

2

Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

3

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this _24_ day of November, 2025.
Alexandria, Virginia

_____
Patricia Tolliver Giles
United States District Judge